Marie Hladik, Appellee, v. Cleo Noe, Appellant.

No. 41425.

JUNE 24, 1932.

Longley, Ransier & Frank, for appellant.

Boardman & Cartwright, for appellee.

FAVILLE, J.—The appellee was engaged in the business of selling gasoline, oil, grease, alcohol, and products used in the operation of motor vehicles. She conducted said business under the trade name and style of the Peer Oil Company. The appellant operated a filling station in the country, at the junction of two primary roads.

On or about the 13th day of September, 1930, the parties entered into a written contract as follows:.

"This agreement made and entered into this 13th day of September, 1930, by and between Peer Oil Company of Gladbrook, Iowa, party of the first part, and Cleo Noe, party of the second part, witnesseth:

"That in consideration of one dollar cash in hand paid by party of the first part to party of second part, and in consideration of the mutual promises hereinafter set out, and for other good and sufficient considerations, it is agreed by and between the parties hereto that:

"This agreement is to run for a period of ten years from date hereof.

"Party of first part is to furnish to party of second part, his heirs or assigns, all gasoline, kerosene, grease, oil or alcohol used, kept, or sold on the premises. And that the price of gasoline is to be three cents (3c) less than the normal service station price, and that the price of the other articles is to be the regular dealer's price on the said articles. Second party agrees further to sell said products at the normal service station prices for same.

"Party of the second part agrees to operate a filling station for the sale of gasoline, kerosene, oils, greases and alcohol, on the land described as the Southeast Corner of the Southeast Corner Section 22, Township 87 in Black Hawk County, Iowa, containing two and one eighteenth acres and located at the intersection of highway No. 90 and No. 59. And the party of the second part agrees for himself, his heirs and assigns that he will keep and sell the above named products of the Peer Oil Company exclusively, and will not permit any other company or individual to operate a filling station or sell other products in competition with the Peer Oil Company on the said land, or on other land owned or leased by the said second party in the vicinity of this land.

"Party of the first part agrees not to sell to any other filling station in the immediate vicinity of this location, and further agrees not to operate by itself or agent, any filling station in competition with the station operated by party of the second part. And it is understood and agreed by and between the parties hereto that by the words 'immediate' vicinity the distance of three miles is meant.

"Dated at Gladbrook, Iowa, this 13th day of Sept. 1930."

After the execution of said contract the parties operated thereunder, and in April of 1931 it appears that a new product appeared upon the market, being a new form of gasoline known as "blue gas" or "competitive gas." The record shows that the appellant had been selling two kinds of gas at his filling station, which he had purchased from the appellee. These were known as ethyl gas, which he sold at 17½c a gallon, and regular gas, which was sold at 14½c a gallon. The new product, known as blue or competitive gas, was sold at filling stations at 12½c a

gallon. The appellant requested the appellee to supply him with this blue or competitive gas under said contract at 3c less than the normal service station price. This the appellee refused to do, but offered to sell said gas to the appellant at a so-called "2c spread." In June, 1931, the appellant served notice upon appellee of his intention to terminate said contract because of the refusal of the appellee to furnish said "blue" gasoline under the terms of said contract. Thereupon this action was instituted to enjoin the appellant from purchasing and selling the products of any company other than the appellee's company.

The sole question for our determination in this case is with regard to the proper construction to be placed upon said written contract between the parties. Appellant contends that the agreement on the part of the appellee to furnish to the appellant "all gasoline, kerosene, grease, oil or alcohol used, kept, or sold on the premises" is unambiguous, and that it bound the appellee to furnish to the appellant *all* gasoline which the appellant might require, whether the same was "regular" or "ethyl" or "blue" or "competitive" gasoline. In other words, it is the contention of the appellant that the language of the contract is clear and definite and that the words "all gasoline" include every form of gasoline. On the other hand, the appellee contends that the contract requires the appellee to furnish the gasoline "used, kept, or sold on the premises" of the appellant, and that the so-called blue gas was not "used, kept, or sold" on the appellant's premises.

The contract clearly looked to the future. By its terms it provided for a ten-year service. The appellee agreed to furnish to the appellant "all gasoline" which was to be "used, kept, or sold" on said premises. We think the contract is clear, plain, and unambiguous. The appellee agreed to furnish to the appellant and the appellant agreed to buy from the appellee all the gasoline that the appellant used, kept, or sold on said premises during the term of said contract. The appellant sought to perform the contract on his part and the appellee refused to furnish all the gasoline that the appellant used, kept, and sold on said premises under the terms of the contract. It is no answer to appellant's contention that appellee offered to furnish appellant the blue gas at a different rate than the contract called for. The appellant was entitled to have all the gasoline that he

used, kept, or sold on said premises furnished to him under the contract, by the appellee, on the terms named in the contract. This it appears the appellee failed to do.

The appellee's contention savors of inconsistency. Appellee refuses to furnish appellant "blue" gasoline under the contract, and at the same time seeks to enjoin appellant from purchasing such gasoline elsewhere because of the contract. Appellee can scarcely maintain both positions.

We fail to find that the appellee was entitled to the injunction granted by the trial court. The order of the district court is reversed.—Reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.